*AE*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **Judge Blanche M. Manning** |
| | ) | |
| V. | ) | **Case No. 04 CR 940** |
| | ) | |
| ROY GLOVER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

On June 26, 2004, the government returned a four-count indictment against Roy Glover

charging him with possessing with intent to distribute controlled substances within 1000 feet of a

school and unlawfully possessing a firearm. The court has before it two *pro se* motions filed by

Glover in response to the indictment. In the first, he asks the court to dismiss most of the counts

against him, claiming that possessing the small amount of drugs for which he is charged is not a

crime. In the second, he asks the court to dismiss the entire indictment because one of the

statutes which he allegedly violated, 21 U.S.C. § 841, is unconstitutional. For the reasons set

forth below, both motions are denied.

According to the indictment, in June 2004 Glover possessed 2.1 grams of heroin, 3.3

grams of cocaine, and a semi-automatic firearm, all within 1000 feet of a school. He is charged

with possessing with intent to distribute heroin and cocaine (Count I), *see* 21 U.S.C. 841(a)(1),

possessing with intent to distribute drugs within the vicinity of a school (Count II), *see* 21 U.S.C.

860, possessing a firearm in furtherance of a drug trafficking crime (Count III), *see* 21 U.S.C.

924(c), and being a felon in possession of a firearm (Count IV), *see* 18 U.S.C. § 922(g)(1).

In his first motion to dismiss, Glover argues that Counts I - III should be dismissed because the amount of drugs he possessed was so small that his possession is not even a crime under 21 U.S.C. 844(a). To support his claim, he cites 21 U.S.C. § 841(b)(1)(B), which he contends establishes "the pertinent minimum drug amounts to constitute drug trafficking." Glover's argument, however, is frivolous. Under 21 U.S.C. § 841(b)(1)(C) & (D), possession with intent to distribute *any* amount of prohibited drugs is a crime. Subsection (b)(1)(B), which Glover relies on, deals with the *penalties* applicable for possessing differing amounts of prohibited substances, *United States v. Brough*, 243 F.3d 1078, 1080 (7th Cir. 2001), and is unrelated to whether possession is actually a crime.

Glover also appears to argue that the indictment should be dismissed because the government tested some of the drugs he allegedly possessed twice, and only during the second test did the laboratory determine that some of the cocaine was in fact cocaine base. The validity of the test results involves the weight of the evidence against Glover that he is free to argue at trial. It is not, however, a basis for dismissing the indictment. *See United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991) (an indictment is sufficient if it states the elements of the charged offense, describes the nature of the charges, and enables the defendant to determine whether there are any double jeopardy concerns).

In Glover's second motion to dismiss, he argues that 21 U.S.C. § 841 was declared unconstitutional in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Seventh Circuit has repeatedly rejected this argument. *See e.g.*, *Brough*, 243 F.3d at 1079-80 (§ 841 can be applied in the manner required by *Apprendi* and is not unconstitutional).

2

## Conclusion

For the preceding reasons, Glover's motions to dismiss [27-1] and [32-1] are denied.


ENTER:

DATE: 10/31/05

Blanche M. Manning

Blanche M. Manning
United States District Judge