# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Blanche M. Manning |
| | ) | |
| V. | ) | Case No. 04 CR 940 |
| | ) | |
| ROY GLOVER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Jurors found defendant Roy Glover guilty of possessing and intending to distribute cocaine and heroin near a school while possessing a firearm. *See* 18 U.S.C. §§ 841(a)(1), 860, 922(g)(1), 924(c). Glover now seeks a new trial. In support, he offers 23 different reasons, though many merely rehash motions Glover made *in limine* and at trial which the court previously denied. For the reasons that follow, Glover's motion for a new trial is denied.

## Background

According to the evidence offered at trial, Glover was arrested in June 2004 in an area of Chicago known for its drug activity. Chicago police, who drove through the area in unmarked cars that night, observed Glover stationed across from an elementary school. According to officers, on four occasions over the course of 15 minutes they witnessed Glover accept cash from individuals and give them in exchange an unidentified object that he recovered from a plastic bag hidden steps away.

Eventually officers pulled up to Glover in their cars, prompting Glover to flee into a nearby apartment. On his way, officers saw Glover toss an object that made a metal-sounding

noise as it landed. Officers eventually retrieved the object, a fully-loaded, semi-automatic handgun, specifically a .380 Lorcin. Police arrested Glover inside the apartment, where they found on him $80 in cash and additional .380 rounds. Police also retrieved the plastic bag out of which Glover was selling unidentified objects. Inside police found what turned out to be small packets of cocaine and heroin.

## Analysis

The only relief Glover seeks in his motion is a new trial. Presumably, then, his motion is brought under Federal Rule of Criminal Procedure 33. Motions under Rule 33 are disfavored, and are granted only in extreme cases, such as when a guilty verdict is "against the manifest weight of the evidence," or a "miscarriage of justice." *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). However, in the interests of completeness the court notes that a number of Glover's arguments are based upon insufficiency of the evidence. Those arguments would have been better brought in a motion under Federal Rule of Criminal Procedure 29, which, if successful, would have entitled Glover to a judgment of acquittal. But Glover's surprising choice not to also proceed under Rule 29 is of no moment because he has established no error entitling him to relief under either rule.

1.  **Closing Argument**

First, Glover argues that the court erred when it denied his request for a mistrial based upon two statements made by a prosecutor during closing arguments. During closing, the prosecutor twice referred to Glover's failure to subpoena employment records to prove that he was a "working man," as his defense had attempted to portray him. Defense counsel objected to

both references, and the court sustained the objections. Nevertheless, Glover argues that the references left jurors with the impression that he "had a burden of proof," which denied him a fair trial.

The court has reviewed the transcript of the prosecutor's remarks, the defendant's objections, and the court's ruling sustaining the objection. The court concludes that, despite the remarks, Glover was not denied a fair trial. Before making his remarks, the prosecutor had told jurors that the burden of proof fell on the government:

> The burden is on the Government. We want the burden. It's where the burden should be. We have to prove and should prove beyond a reasonable doubt that Mr. Glover actually committed each of the elements that are necessary to say that he committed each of these four crimes . . . .

Following the defense's objection, the court admonished jurors to disregard the remark. During defense counsel's closing, he also reminded jurors that the burden fell on the government. Finally, the court delivered jury instructions advising jurors that the burden of proof fell solely on the government.

In light of the court's instructions to jurors on the burden of proof, the prosecutor's enunciation of the burden immediately preceding his remarks, the curative admonition by the court following the remark, and defense counsel's opportunity to address the remark during his own closing, the remark did not deny Glover a fair trial. *See United States v. Graham,* 315 F.3d 777, 782-83 (7th Cir. 2003) (prosecutor's improper remark cured by admonition to jury and defense's opportunity to address remark); *United States v. Cassano*, 372 F.3d 868, 879-80 (7th Cir. 2004) (prosecutor's allegedly improper remarks did not cause unfair trial because court had properly instructed and admonished jurors), *rev'd on other grounds* 543 U.S. 1109 (2005).

## 2. Cross-Examination of Agent Bora

At trial the court granted the government's motion *in limine* prohibiting the defense from cross-examining Chicago police officer Daniel Bora about a disciplinary report he received. The subject of the report was Bora's alleged failure to adequately investigate an unrelated drug transaction. The court concluded that the report was irrelevant to the issue of Bora's credibility and therefore was not admissible extrinsic evidence. *See* Fed. R. Evid. 608(b).

In support of his motion for a new trial, Glover offers only the conclusory statement that the "Court erred" when it granted the government's motion *in limine*. Glover's failure to offer any argument or citation to authority to support his position is fatal. *United States v. Duran*, 407 F.3d 828, 844 n.7 (7th Cir. 2005); *United States v. Towne*, 406 F. Supp. 2d 928, 936 n.4 (N.D. Ill. 2005). Furthermore, the court remains convinced that the disciplinary report in an unrelated case was irrelevant to Bora's credibility, and therefore the ruling provides no basis for granting a new trial.

## 3. Expert Testimony

Next, Glover argues that he is entitled to a new trial because the court erroneously overruled his objection to two expert witnesses for the government. One expert was an evidence technician for the Chicago police department who testified why the absence of a person's fingerprints on a weapon does not necessarily mean that the person never handled the weapon. The other was a agent for the U.S. Drug Enforcement Agency, who testified about his experiences with drug dealers, and that the amount of drugs in Glover's possession was more consistent with distribution than personal use. Glover contends that both experts had "no role in the investigation of this case and knew nothing about this case," and therefore their testimony was irrelevant.

4

Experts may offer opinion testimony when their "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702; *see also United States v. Cruz-Velasco*, 224 F.3d 654, 660 (7th Cir. 2000). Testimony about the absence of fingerprints and about drug dealing customs is deemed relevant and helpful to jurors. *See United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006) (evidence, including expert testimony on absence of fingerprints on weapon, was sufficient to support guilty verdict); *Cruz-Velasco*, 224 F.3d at 660 ("the methods and structure of narcotics trafficking is a proper source of expert testimony"); *United States v. Burdeau*, 168 F.3d 352, 356-57 (9th Cir. 1999) (expert testimony on absence of fingerprints is relevant and helpful to jurors). Therefore, the court's decision to allow these experts to testify provides no basis for granting a new trial.

**4.    Lay Testimony**

    a.    **Cross Examination of Jackson**

At trial, defense witness Edward Jackson testified that dogs were always present near where officers were allegedly stationed while observing Glover sell drugs. Jackson's testimony was offered to undermine the government's account of events because, according to Jackson, had officers actually been where they claimed, the dogs would have barked loudly and perhaps attacked.

Glover contends that the court erred when it overruled his objection to the government's cross-examination of Jackson. On cross, the government elicited from Jackson that at the time of Glover's arrest one of the dogs was just a puppy and was trained to bark only when a stranger set foot in its owner's yard. Glover contends that Jackson's testimony during cross-examination was "irrelevant, immaterial and unduly prejudical." To the contrary, the testimony was on the very issues about the dogs that the defense had just questioned Jackson during direct examination.

5

Glover also contends that the court erred when it failed to stop the government from questioning Jackson about his friendship with Glover's father, and Glover's relationship with Jackson's daughter. But the contention is without merit. *See United States v. Thompson*, 359 F.3d 470, 475 (7th Cir. 2004) (proof of bias is almost always relevant).

b. **Rebuttal Testimony of Walsh**

To rebut Jackson's testimony that dogs were always present where officers allegedly observed Glover, the government questioned U.S. Bureau of Alcohol, Tobacco and Firearms agent Michael Walsh. Walsh testified that of the 12 times he visited the site during the course of his investigation, he encountered the dogs only twice. Again, this testimony was on the very issue about the dogs that the defense raised during its examination of Jackson, and therefore the testimony was not, as Glover contends, "irrelevant, not helpful to the jury, and unduly prejudicial."

5. **Interstate Commerce Clause**

A number of Glover's reasons for a new trial, specifically reasons 5, and 8-11, are rooted in his argument that a conviction under 18 U.S.C. § 922(g)(1) requires proof that he *personally* carried or caused the movement of a firearm across state lines or that *his possession* had a demonstrable impact on interstate commerce. Based upon that argument, he contends the court erred when it (1) allowed an expert witness to testify about others who transported his handgun across state lines; (2) improperly set forth the elements of § 922(g) during jury instructions; (3) improperly defined interstate commerce during jury instructions; and (4) refused jury instructions that the government had to prove that Glover personally transported his handgun across state lines or that his possession of it impacted interstate commerce.

Arguments like Glover's have been repeatedly rejected. The government need only establish that the firearm had impacted interstate commerce, not that the impact was caused by the defendant's possession. *See United States v. Fleischili*, 305 F.3d 643, 653 (7th Cir. 2002) (government does not need to prove that defendant's possession of firearm impacted interstate commerce); *Gillespie v. City of Indianapolis*, 185 F.3d 693, 705 (7th Cir. 1999) (same). The parties stipulated that the handgun had traveled across state lines, and therefore Glover's argument is unavailing.

**6.      Mere Presence Jury Instruction**

Next, Glover contends that the court erred when it refused his request for a "mere presence" jury instruction. *See* Seventh Circuit Pattern Instruction 5.11. According to the instruction, a "defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt." Alternatively, under the instruction, if "a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt."

As the court previously ruled, the mere presence instruction would have been inappropriate. According to the trial testimony, Glover played an active role in his crimes. In fact, the evidence suggested that he was solely involved in the charged offenses. For that reason, the mere presence instruction was inapplicable. *See United States v. Linwood*, 142 F.3d 418, 424 (7th Cir. 1998) ("the evidence in the record does not support a 'mere presence' instruction—all of the testimony adduced at trial suggests that [the defendant] played an active role in the sale and distribution of crack out of her apartment."). Again, Glover has failed to set forth a basis for a new trial.

## 7. Insufficiency of the Evidence

Without elaboration, Glover contends that the government failed to prove beyond a reasonable doubt that he (1) knowingly possessed a handgun that had impacted interstate commerce; (2) knowing possessed a handgun in furtherance of a drug trafficking crime; (3) knowingly and intentionally possessed with the intent to district heroin and cocaine; or (4) that he did so within 1000 feet of a school. Evidence is sufficient if it would allow any rational trier of fact to have found each element of the offense beyond a reasonable doubt. *United States v. Jackson*, 443 U.S. 307, 319 (1979); *United States v. Carrillo*, 435 F.3d 767, 775 (7th Cir. 2006). The evidence must be viewed in the light most favorable to the government, and the court will not second-guess the jury's decision. *Id.*

Sufficient evidence supported Glover's conviction. According to testimony, Glover was a convicted felon whom officers saw toss an object that turned out to be a fully-loaded handgun. That testimony supported his conviction under § 922(g)(1). The testimony also established that he engaged in multiple transactions in a known drug hot spot, and that the objects he handed over to customers came from a plastic bag that contained what turned out to be packages of cocaine and heroin. That testimony supported his conviction under § 841(a)(1). Together, the testimony, viewed in the light most favorable to the government, establishes that Glover possessed a firearm in furtherance of a drug trafficking crime, sufficient to support his conviction under § 924(c). Finally, Glover stipulated that his conduct occurred within 65 feet of a school, sufficient to support his conviction under § 860.

## Conclusion

Glover has not established that the court erred or that he was denied a fair trial. For those and all the preceding reasons, Glover's motion for a new trial [54-1] is DENIED.

ENTER:

DATE:   February 28, 2006          _____
                                   Blanche M. Manning
                                   United States District Judge