**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| Plaintiff, ) | | |
| ) | No. 04 CR 940 | |
| v. ) | Judge Blanche M. Manning | |
| ) | | |
| ROY GLOVER, ) | | |
| Defendant. ) | | |

**MEMORANDUM AND ORDER**

Jurors convicted defendant Roy Glover on four counts of violating various statutes by possessing and intending to distribute cocaine and heroin near a school while a felon in possession of a firearm. *See* 18 U.S.C. §§ 841(a)(1), 860, 922(g)(1), 924(c). The probation officer recommends in her presentence report that Glover be sentenced under the Sentencing Guidelines as a career offender. *See* U.S.S.G. § 4B1.1(a). The career offender enhancement significantly affects the resulting sentencing range. With it, Glover faces incarceration of 360 months to life. *See* U.S.S.G. § 4B1.1(c)(3). Although the probation officer did not calculate Glover's sentence without the enhancement, Glover believes it would be about 200-235 months. Given the disparity, Glover not surprisingly objects to being sentenced as a career offender. He also sets forth factors which he contends, under 18 U.S.C. § 3553, point to a sentence markedly lower than the one calculated under the Guidelines.

*I.     Career Offender*

Under U.S.S.G. § 4B1.1(a), a defendant may be sentenced as a career offender if he has been convicted of two prior felonies. Glover meets the criteria. In 1984 he was convicted of murder in state court and sentenced to 30 years' imprisonment. In 1990, while serving his sentence for murder, he was convicted of possessing a handmade weapon in prison.

Glover contends that he should not be sentenced as a career offender for two reasons. First, he points out that he was under 18 when he committed the murder. While it is true that a defendant may be sentenced as a career offender only if he was at least 18 when he committed the instant offense, the limitation does not apply to the prior convictions. Offenses committed while under 18 count if the defendant (1) committed an offense punishable by more than one year imprisonment, and (2) was convicted as an adult (Glover concedes that he was). *See* U.S.S.G. § 4B1.2, comment. (n.3) (cross-referencing § 4A1.2(d)); *see also United States v. Coleman*, 38 F.3d 856, 861 (7th Cir. 1994) (offenses committed under 18 count toward repeat offender status).

Glover contends that the Sentencing Guideline's inclusion of crimes committed while under 18 does not withstand the Supreme Court's recent decision in *Roper v. Simmons*, 543 U.S. 551 (2005). In *Roper*, the Court held that defendants cannot be put to death for crimes they committed while under 18. *Id.* at 571. The Court's rationale was that juvenile offenders are less mature, more susceptible to negative pressures, and have less self-control. *Id.* at 569-71. But the concerns expressed in *Roper* involve punishment for offenses committed while a juvenile. In contrast, Glover faces punishment not for a juvenile crime, but rather for his decision *as an adult* to continue his life of crime. The Guidelines themselves are designed with that distinction in mind—a defendant may be sentenced as a career offender only if he was of age when he chose to commit his third felony. Consequently, *Roper* is inapposite.

Next, Glover contends that he cannot be sentenced as a career offender because *Booker v. United States*, 534 U.S. 220 (2005), overturned *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and required that prior convictions be determined by a jury, which did not happen in the instant case. Glover's argument is not novel, and in fact has already been rejected by the

Seventh Circuit. *See United States v. Sperberg*, 432 F.3d 706, 707 (7th Cir. 2005) (rejecting argument that, in the wake of *Booker*, "the jury rather than the judge should have determined whether he had the requisite number of *qualifying* felony convictions") (emphasis added). Glover contends that only the fact of conviction may be determined by the judge, not the nature of the conviction. But the decision in *Sperberg* has already taken into account the distinction Glover advances by concluding that judges may determine whether a prior felony conviction is a "qualifying" felony convictions for purposes of sentencing. *See also United States v. Martinez-Carillo*, 250 F.3d 1101, 1103 (7th Cir. 2001) (the proper characterization of a prior conviction is a legal, not factual, question).

## II.     *§ 3553 Factors*

Glover asks the court to take into account numerous factors under 18 U.S.C. § 3553 in order to arrive at a sentence substantially below the 360 month to life sentence calculated under the Guidelines. Glover identifies the following factors, though none are convincing.

- Glover is not the type of recidivist contemplated by the Guidelines because before the instant offense, he had been imprisoned only once.

- Even after a 15-year sentence, Glover will be over 50 when released, and people that age are only 45% likely to commit more crimes.

- Glover has not gotten into any disciplinary problems during his pre-trial confinement, making him less likely to commit future crimes.

The first factor is misleading. Glover had been imprisoned only once before committing the instant offense because, as a teenager, he was sentenced to 30 years' imprisonment. His next offense occurred while in prison, and lengthened his term of incarceration. Glover committed the instant offense while still on parole. He therefore appears to be a recidivist in every sense of the word.

As for the second and third factors, a 45% rate of recidivism among prisoners 45 years or older is not insignificant. Furthermore, the report from which Glover quotes the 45% recidivism rate also notes that the recidivism rate for prisoners with long prior records and with records of possessing or using illegal weapons was higher than average. As the government notes in its response, Glover has spent nearly all of his adult life in prison and is therefore likely to continue his life of crime.

- Glover's father was shot in the back and killed by Chicago police when Glover was only five.

- Glover's stepbrother was fatally stabbed and shot in the head.

- Glover was raised by his grandmother, had no male role model, and got in with a bad crowd.

- Glover has two children, the youngest of which he loves "very much."

Although Glover's background makes him more sympathetic, he has not explained how it should factor into the court's calculation of a sentence that complies with the purposes set forth in 18 U.S.C. § 3553(a)(2). The fact remains that Glover is a man who has a long history of committing serious crimes, including murder. As the government notes, Glover may love his family very much, but that has not caused him to abandon his criminal ways.

### III. Conclusion

After reviewing the parties' submissions, caselaw, and the Sentencing Guidelines, the court concludes that Glover qualifies as a career offender, and therefore his objection is

overruled. The court also concludes that none of the factors set forth in 18 U.S.C. § 3553 compels the court to depart from the sentence recommended under the Guidelines.

ENTER:

DATE: March 3, 2006  _Blanche M. Manning_____
Blanche M. Manning
United States District Judge