```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


United States of America,       )
                                )
     Plaintiff,                 )
                                )
                                )
     v.                         )   No. 04 CR 940
                                )
Roy Glover,                     )
                                )
     Defendant                  )
```

MEMORANDUM OPINION AND ORDER

Defendant Roy Glover has been incarcerated for almost all of his adult life. He was in prison continuously from July of 1984 until May of 2003 for a murder he committed when he was seventeen years old. Just one year later, and while still on parole, he committed the drug trafficking and firearms offenses that a jury convicted him of in this case. In February of 2006, he was sentenced to 360 months' incarceration, after the sentencing judge concluded that he was properly classified as a career offender under § 4B1.1(a) of the Sentencing Guidelines. The Seventh Circuit affirmed his conviction and sentence on direct appeal, which challenged, among other things, his career offender classification and the reasonableness of the sentencing judge's application of the § 3553(a) factors. *U.S. v. Glover*, 479 F.3d 511, 515, 521-22 (7th Cir. 2007).

Now 57 years old, Mr. Glover seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As a general rule, a court cannot modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). Compassionate release represents a narrow exception to this rule, available only to defendants who satisfy the Seventh Circuit's two-step test. *Id.* at 1253. At step one, the defendant must identify "an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022) (quoting *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021)). If the defendant crosses this threshold, the court proceeds to the second step, where it "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.* (alteration in original) (quoting *Thacker*, 4 F.4th at 576)).[1]

Mr. Glover argues that he satisfies these criteria because: 1) *Johnson v. United States*, 576 U.S. 591 (2015), invalidated the basis for his sentencing enhancement as a career offender; 2) post-sentencing changes in the definition of "crime of violence" under § 4B1.1(a) mean that he received an "unusually long" sentence that is grossly disparate to the sentence he would receive today; and 3)

---

[1] Additionally, a defendant is required to exhaust the administrative remedies available in the Bureau of Prisons, which all agree Mr. Glover has done.

his substantially clean disciplinary record and participation in prison activities reflects his rehabilitation.

The government opposes the motion. It first argues that Mr. Glover's argument under *Johnson* amounts to a collateral attack based on an error in his original sentence, and that a compassionate release motion is not the appropriate vehicle for this argument, citing *United States v. Consuegra-Rojas*, No. 21-2606, 2022 WL 356375, at *2 (7th Cir. Feb. 7, 2022) ("a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion.") (citing *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021)). Although "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," recharacterizing a motion as a first § 2255 motion "can have serious consequences for the prisoner[.]" *Castro v. United States*, 540 U.S. 375, 377 (2003). Accordingly, courts may not do this without first giving the prisoner an opportunity to withdraw or amend the filing to comport with the procedural and substantive requirements of that statute. *Id*. I agree with the government that to the extent Mr. Glover relies on *Johnson*, dismissal of his motion is the appropriate disposition.[2]

---

[2] Although dismissal is without prejudice, given that *Johnson* was decided nearly ten years ago, I am skeptical that Mr. Glover—who has not heretofore challenged his sentence under § 2255—can satisfy the

3

Mr. Glover also argues that changes in the definition of "crime of violence" under § 4B1.1(c)(2) amount to a change in the law that makes him eligible for compassionate release under § 3582(c)(1)(A)(i). This argument is foreclosed by *United States v. Von Vader*, 58 F.4th 369, 370 (7th Cir. 2023), *reh'g denied sub nom. United States v. Vader*, No. 22-1798, 2023 WL 3230513 (7th Cir. *May 3, 2023), and cert. denied sub nom. Vader v. United States*, 144 S. Ct. 388, 217 L. Ed. 2d 209 (2023). In *Von Vader*, the Seventh Circuit acknowledged that developments in the law called into question the defendant's § 4B1.1(c)(2) sentence enhancement, and it assumed that *Johnson* and *Mathis v. United States*, 579 U.S. 500 (2016), "show that one or more of his previous convictions should not have been counted toward the number required for classification as a career offender." 58 F.4th at 370. But the court denied the defendant's motion for compassionate release under § 3582(c)(1), holding, first, that "a legal contest to a sentence must be resolved by direct appeal or motion under § 2255, not by seeking compassionate release under § 3582." *Id*. at 371 (citing, inter alia, *Thacker*, *Martin*, *United States v. Brock*, 39 F. 4th 462 (7th Cir. 2022), and *United States v. King*, 40 F. 4th 594 (7th Cir. 2022)). The court went on to explain:

> Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow

---

one-year limitations period of 28 U.S.C. § 2255(f). Mr. Glover should be mindful of the procedural requirements of § 2255 before filing any amended motion for relief under *Johnson*.

4

> § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255. We rejected that view in *Thacker* and *Martin* and do so again here.

*Id.* (quoting *Brock*, 39 F.4th at 466).

Mr. Glover argues that amendments to the Sentencing Guidelines, which became effective on November 1, 2023, alter the analysis under the *Thacker* line of cases. In particular, he argues that he satisfies the criteria set forth in § 1B1.13(b)(6), which states that "extraordinary and compelling reasons" for purposes of the statute include:

> 6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023). As a number of district courts in this circuit have observed, this provision interprets the statutory phrase "extraordinary and compelling reasons" in a way that conflicts with *Thacker* and its progeny. *See, e.g., United States v. Duncan*, No. 3:03-CR-57 JD, 2024 WL 4471420, at *7 (N.D. Ind. Oct. 11, 2024); *United States v. Uriarte*, No. 09-CR-332-4, 2024 WL 4111867, at *3 (N.D. Ill. Sept. 6, 2024); *United States v. Williams*, No. 06-CR-20032-JES-2, 2024 WL 3567498, at *3 (C.D. Ill. July 29, 2024); *United States v. Buggs*, No. 99-86, 2024 WL 2130566, at *3 (N.D. Ind. May

13, 2024); *United States v. Black*, 715 F. Supp. 3d 1069, 1075 (N.D. Ill. 2024). In each of these cases, the court examined "whether the Sentencing Commission's or the Seventh Circuit's interpretation of 'extraordinary and unusual' prevails," *Black*, 715 F. Supp. 3d at 1075, and concluded that lower courts in this circuit are bound to apply *Thacker*, *id*. at 1083. *But see United States v. Bailey*, 2024 WL 2291497 (S.D. Ind. May 20, 2024) (holding that *Thacker* does not preclude application of § 1B1.13(b)(6)); *United States v. Spradley*, No. 1:98-CR-38-JMS-MJD-1, 2024 WL 1702873, at *5 (S.D. Ind. Apr. 18, 2024) (same).

In *Black*, the court analyzed § 1B1.13(b)(6) using the two-step framework of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and concluded that the Commission's interpretation of § 3582(c)(1)(A) was not reasonable. Since then, of course, the Supreme Court has overruled *Chevron*. *Loper Bright Enterprises v. Raimondo*, --- U.S. ----, 144 S. Ct. 2244 (2024). In a thorough and well-reasoned post-*Loper Bright* decision, the *Uriarte* court concluded that "[t]he case for upholding the Sentencing Commission's guidance" is "compelling" in light of the *Loper Bright* Court's admonition that courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority," and "need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." 2024 WL 4111867, at *4 (quoting *Loper Bright*, 144 S.

6

Ct. at 2273) (alterations and ellipses omitted). Nevertheless, it concluded that lower courts in the Seventh Circuit remain bound by "fundamental principles of vertical *stare decisis*" to follow the *Thacker* line of cases. *Id.* at *5. Accordingly, the court denied the defendant's motion for compassionate release despite its firm view that the defendant's sentence was unfair and that it "would not hesitate to follow the Sentencing Commission's § 1B1.13's policy statement had it the authority to do so." *Id*.

Because I agree with the *Uriarte* court's analysis, I conclude that Mr. Glover is not eligible for relief under § 3582(c)(1) and deny his motion on that basis.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 12, 2024